**Kenneth Edward JOHNSON a/k/a Daniel Martin Burch, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 28913
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

---

Kenneth Edward Johnson, pro se.

John L. Briggs, U. S. Atty., Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the district court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant was arrested in the Middle District of Florida and charged in case no. 69–90 with one count of violating the Dyer Act, 18 U.S.C. § 2312. While in custody he was indicted in the District of Nebraska on two counts of violating the same act, Count II of this indictment being identical to the Florida charge. Counsel was appointed and on April 18, 1969, appellant entered a plea of guilty in case no. 69–90. On May 2, 1969, appellant signed a Rule 20, F.R. Cr.P., transfer for the Nebraska charge, and the case was numbered 69–103. On May 16, 1969, appellant entered his plea of guilty to the first count in 69–103; the second count was dismissed. He was sentenced in both cases on the same date to consecutive terms of four years imprisonment.

In his motion to vacate sentence pursuant to 28 U.S.C. § 2255, appellant contended that he never pleaded guilty in case no. 69–103, nor was he ever ar-

raigned. The district court denied relief on the basis of the record.

■ The record before us includes the transcript of the appellant's arraignment and pleading in case no. 69–103. A reading of that transcript reveals that appellant was properly arraigned and that his guilty plea was properly accepted by the court after ascertaining in accordance with Rule 11, F.R.Cr.P., that it was voluntarily and understandingly made. There obviously being no merit to appellant's allegations, the judgment below is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.